■ In the Matter of the Arbitration between ROYAL INDEMNITY INSURANCE COMPANY, Appellant, and ROBERT ANDERSON, Respondent.— In a proceeding to stay arbitration, petitioner appeals from an order and judgment (one paper) of the Supreme Court, Nassau County, entered January 12, 1971 after a hearing, which *inter alia* denied the application and directed arbitration to proceed. Order and judgment reversed, without costs, on the law, petition granted and arbitration stayed permanently, without costs. Respondent, Robert Anderson, allegedly sustained injuries in an accident on January 18, 1969 while a passenger in an automobile owned by John Massi and operated by James Bollino. The order and judgment appealed from determined, after a hearing, that Bollino had operated the vehicle with Massi's permission and that arbitration should be had on respondent's claim against Bollino pursuant to the New York Automobile Accident Indemnification Endorsement contained in Massi's insurance policy. Petitioner had disclaimed liability in respondents' suit against Bollino. It is defending the suit against Massi and has asserted therein the defense that the vehicle was operated without Massi's permission or consent at the time of the accident. In our opinion it was improper to hold a hearing as to the question of permissive use. Respondent cannot have recourse to the indorsement regardless of the finding as to the issue of permissive use. If there was permission, the vehicle was not an "uninsured automobile" within the meaning of the indorsement, as coverage would be afforded under Massi's policy. Conversely, if Bollino's operation of the vehicle was without permission, Anderson cannot be held as an "insured" within the meaning of the indorsement, as he was neither a member of the insured's household nor a person occupying the vehicle while it was used by or with the permission of the insured or his spouse (see *Factory Mut. Liab. Ins. Co. of Amer.* v. *Comfort,* 37 A D 2d 416). Munder, Acting P. J., Martuscello, Latham, Shapiro and Gulotta, JJ., concur.